UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.                                    No. 02-4285

WENDELL SAMUEL CHISOLM,
             *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Falcon B. Hawkins, Senior District Judge.
(CR-01-692)

Submitted: November 5, 2002

Decided: December 3, 2002

Before NIEMEYER and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

---

## COUNSEL

J. Robert Haley, Assistant Federal Public Defender, Charleston, South
Carolina, for Appellant. Derk L. B. Van Raalte, IV, OFFICE OF THE
UNITED STATES ATTORNEY, Charleston, South Carolina, for
Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Wendell Samuel Chisolm appeals his conviction and sentence entered on his guilty plea to armed robbery and two related firearms offenses in violation of 18 U.S.C. § 371 (2000), and 18 U.S.C. § 924(c) (2000). In a thorough but otherwise unremarkable Fed. R. Crim. P. 11 hearing, Chisolm waived indictment and pled guilty to a string of armed robberies of banks and businesses in and around Charleston, South Carolina. Chisolm's attorney noted a timely appeal and filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), in which he represents that there are no arguable issues of merit presented by this appeal. Nonetheless, he directs the court's attention to the extent of the district court's departure from the mandatory minimum sentences in this case, and suggests that Chisolm might have been entitled to additional downward departures based on the perceived disparity in sentencing between Chisolm and a co-conspirator.

Chisolm filed a supplemental brief in which he echoed the complaints regarding the district court's sentencing and urged that the court should have departed downward on the basis of numerous other grounds. Chisolm also suggested that the Government had engaged in some form of misconduct in its description of the offense conduct and his role in it. Additionally, Chisolm contends that his counsel failed to afford him constitutionally adequate assistance in aiding his plea of guilty. Because we find no merit to any of Chisolm's assignments of error, we affirm Chisolm's conviction and sentence. To the extent that Chisolm and his attorney seek to raise issues over which this court lacks jurisdiction, this appeal is dismissed.

Counsel contends that the district court erred in the extent of its downward departure. A defendant may not ordinarily appeal the extent of a downward departure unless the departure decision resulted

in a violation of law or resulted from an incorrect application of the guidelines. *United States v. Hill*, 70 F.3d 321, 324-25 (4th Cir. 1995). Counsel makes no such allegation in this case, and no error of that magnitude appears from the record. Accordingly, the issue is not appealable and the appeal is dismissed on this point. Similarly, Chisolm argues in his informal brief that there were numerous other grounds on which the district court could have departed downward, including the perceived disparity in his sentence and that of his co-conspirator. This court does not have jurisdiction to review the district court's decision not to depart downward on those other grounds unless the district court mistakenly believed it lacked authority to depart downward. *United States v. Bayerle*, 898 F.2d 28, 30-31 (4th Cir. 1990). Because there is no plausible assertion that the district court labored under that mistaken belief, the appeal is dismissed on this issue as well. *United States v. Bailey*, 975 F.2d 1028, 1035 (4th Cir. 1992).

In his informal brief, Chisolm also suggests that his counsel was ineffective in assisting his entry of a guilty plea. Claims of attorney error are not cognizable on direct appeal unless counsel's ineffectiveness appears plainly on the record. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997); *United States v. DeFusco*, 949 F.2d 114, 120-21 (4th Cir. 1991). Such claims are better suited to a motion under 28 U.S.C. § 2255 (2000). *See DeFusco*, 949 F.2d at 120. No error on the part of counsel appears plainly on the face of the record before the court. Finally, there is no merit to Chisolm's contention that the prosecution somehow engaged in misconduct in the description of his offense conduct, both at the plea hearing and in the presentence report. *See United States v. Golding*, 168 F.3d 700, 702 (4th Cir. 1999).

As required by *Anders*, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no nonfrivolous grounds for this appeal. Pursuant to the plan adopted by the Forth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by the client to do so, counsel should prepare a timely petition for writ of certiorari, unless

counsel believes that such a petition would be frivolous. In that case, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

Chisolm's conviction and sentence are hereby affirmed. To the extent that Chisolm and counsel attempt to appeal issues over which this court lacks jurisdiction, this appeal is dismissed. We deny Chisolm's pending motion for the appointment of replacement counsel at the Government's expense and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART; DISMISSED IN PART*